# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* M.C.

No. 18-0325 (Nicholas County 17-JA-124)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.S., by counsel Joseph M. Mosko, appeals the Circuit Court of Nicholas County's March 14, 2018, order terminating her parental rights to M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Julia R. Callaghan, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. Petitioner also filed a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without continuing the dispositional hearing when she was not present and when her counsel proffered that she was on her way to the hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, petitioner's counsel notes that his brief is filed in accordance with Rule 10(c)(10)(a) of the West Virginia Rules of Appellate Procedure, which provides that

> [c]ounsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client, but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

In January of 2015, prior to the initiation of the instant proceedings, the DHHR filed a child abuse and neglect petition against petitioner and the father alleging that they engaged in domestic violence in the home. Petitioner stipulated to the allegations contained in the petition in March of 2015 and was subsequently granted an improvement period. However, petitioner and the father continued to engage in domestic violence and, ultimately, the circuit court terminated their parental rights to their two oldest children in February of 2016.

Thereafter, petitioner and the father had a third child. The DHHR filed a second child abuse and neglect petition against the parents in November of 2016, alleging that petitioner's parental rights to two older children were involuntary terminated and that she admitted to smoking marijuana throughout her pregnancy. At an adjudicatory hearing held in December of 2016, the circuit court adjudicated petitioner as an abusing parent, finding that she had not improved her circumstances or parenting abilities, despite having received services from 2013 to 2016. Petitioner's parental rights were terminated to her third child in February of 2017.

Petitioner and the father had their fourth child, the only child at issue in this appeal, in September of 2017. The DHHR filed the instant child abuse and neglect petition regarding this child shortly after the birth, alleging that petitioner's parental rights to three older children had been involuntarily terminated.

According to the guardian, a multidisciplinary team ("MDT") meeting was held in October of 2017. At that time, petitioner was participating in services, was employed, and had housing. Later in October of 2017, the circuit court held an adjudicatory hearing, wherein petitioner stipulated to the allegations contained in the petition and requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and scheduled a hearing on petitioner's request for an improvement period.

A second MDT meeting was held in November of 2017. Petitioner failed to attend and the meeting was rescheduled for later that same month. Petitioner attended the rescheduled MDT meeting and it was reported that she was participating in services at that time. However, at an MDT meeting held in December of 2017, it was reported that petitioner had missed drug screens and was no longer participating in services. In January of 2018, the circuit court held a hearing on petitioner's motion for an improvement period. Petitioner failed to attend, but was represented by counsel. The circuit court denied petitioner's motion and scheduled the dispositional hearing.

An MDT meeting was held in February of 2018. Petitioner failed to attend and it was reported that she had recently failed a drug screen. Subsequently, the circuit court held a dispositional hearing later in February of 2018. Petitioner was not present and her counsel proffered that he had spoken with petitioner prior to the hearing and she was running late. Nevertheless, petitioner failed to appear during the hearing. After hearing the DHHR's proffer and the arguments of counsel, the circuit court found that petitioner failed to participate in the necessary services offered by the DHHR, which were aimed at addressing the conditions of abuse. The circuit court further noted that petitioner's parental rights to three older children were involuntarily terminated. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that

termination of her parental rights was in the child's best interest. It is from the March 14, 2018, dispositional order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without continuing the dispositional hearing due to her absence. According to petitioner, her counsel proffered that she was on her way to the hearing and she argues that failing to continue the hearing prevented her from meaningful participation contemplated by West Virginia Code § 49-4-601(h).[3] We disagree.

To begin, we find no error in the circuit court's decision to deny petitioner's motion to continue the dispositional hearing. We have previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W.Va. at 235, 470 S.E.2d at 189 (quoting *State v. Judy*, 179 W.Va. 734, 372 S.E.2d 796 (1988)). While petitioner argues that denying her motion to continue the dispositional hearing denied her the opportunity to meaningfully participate, the record is clear that petitioner made little effort to participate in the proceedings below. Prior to the dispositional hearing, petitioner failed to attend several MDT meetings and the hearing on her motion for an improvement period. Further, petitioner was represented by counsel at the dispositional hearing. While petitioner alleges that she arrived shortly after the hearing

---

[2]The father's parental rights were also terminated below. M.C. was placed in a foster home and the permanency plan for the child is adoption therein.

[3]West Virginia Code 49-4-601(h) states, in part, that "[i]n any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses."

concluded and would have participated in the same had it been continued, we find that the circuit court's decision to deny her counsel's request to continue the hearing was proper in light of petitioner's general failure to participate in the proceedings. Accordingly, we find no abuse of discretion.

We also find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, petitioner substantially failed to participate in the proceedings. The record demonstrates that petitioner failed to attend several MDT meetings, the hearing on her motion for an improvement period, and the dispositional hearing. Further, petitioner stopped participating in services as of December of 2017 and tested positive for drugs in January of 2018. As such, petitioner was unable to correct the conditions of abuse.

Moreover, petitioner's parental rights to three older children were involuntary terminated. This Court has previously held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened. . . ." *Cecil T.*, 228 W.Va. at 89, 717 S.E.2d at 873, Syl. Pt. 4, in part (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). Here, petitioner's parental rights to other children had been involuntarily terminated for similar circumstances in two prior abuse and neglect proceedings. Petitioner received services through the DHHR from 2013 to 2016 and throughout the proceedings below. Despite knowing that her parental rights were at stake, petitioner failed to participate in services throughout the underlying proceedings, which were aimed at correcting the conditions of abuse, and failed to attend the dispositional hearing. While petitioner argues that she was denied the opportunity to meaningfully participate in her dispositional hearing, we note that, on appeal, she fails to state what evidence or testimony she would have presented at the dispositional hearing to contradict the DHHR's allegations.

Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights based upon proper findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. As discussed above, circuit courts may terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 14, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

5